

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-25-00228-CV

---

**IN THE INTEREST OF B.P.-R., A CHILD**

---

On Appeal from the 69th District Court
Dallam County, Texas
Trial Court No. 12814-A, Honorable Kimberly Allen, Presiding

---

January 21, 2026

## MEMORANDUM OPINION

Before PARKER, C.J., and DOSS and YARBROUGH, JJ.

In this parental rights case, Appellant "Michelle,"[1] appeals from a jury's finding that she endangered the physical and emotional well-being of her daughter, "Bella." In two issues, Michelle argues the evidence was legally and factually insufficient to support the endangerment finding and that the trial court abused its discretion in restricting her possession and access to Bella. We affirm.

---

[1] To protect the privacy of the parties and the child, we use pseudonyms. *See* TEX. FAM. CODE § 109.002(d); TEX. R. APP. P. 9.8(b).

**BACKGROUND**

Four weeks after Bella was born, the Texas Department of Family and Protective Services received a report about Michelle and her five children. The intake detailed domestic violence by two men: "David," father of the four oldest children, and "Miguel," Michelle's current boyfriend and Bella's alleged father. David had allegedly hit the children with an extension cord, leaving scars on their backs. Miguel had allegedly assaulted Michelle.

Michelle is a Guatemalan immigrant who speaks only K'iche and Spanish. Because of the language barrier and the potential danger posed by Miguel, the caseworker brought a Spanish-speaking police officer to the initial visit. They had no plan to remove the children that day.

At the home, Michelle was asked repeatedly whether anyone else was present or living there. She said no. The caseworker was allowed to partially interview the two oldest children in their bedroom. Both children also denied anyone else was in the house or that Miguel lived there.

During the home inspection, the caseworker noticed someone in a bed in another bedroom. She told the officer,[2] who found Miguel attempting to hide in a closet. Miguel had an active warrant for assaulting a pregnant woman—Michelle. Michelle knew about the warrant.

---

[2] The officer testified without objection that Michelle "had a history of harboring her boyfriend who is . . . physically abusive towards her . . . ."

When the officer sought to place Miguel under arrest, he fought the officer, hitting him in the ribs with his knee. Michelle jumped on top of the officer, trying to pull him away. The altercation unfolded in front of all the children. The second-oldest child sobbed. The two younger boys seemed unfazed. The oldest child, sobbing and dry heaving, tried to help Michelle and worried aloud about who would pay the rent if Miguel was gone. With the assistance of a backup officer, Miguel was eventually subdued and placed under arrest.

Michelle also had claimed she possessed no contact information for David, the father of her four oldest children. But after the altercation, David showed up when Michelle called him for help. He could not take the children because of allegations against him. Bella was placed with foster parents, the Intervenors in this case. The other four children went to separate foster homes.

After a temporary removal hearing, Michelle received a Family Plan of Service. The plan offered a path to reunification: complete the required services, and she would have the opportunity to regain custody. While Michelle worked through her services, the four oldest children were eventually placed together in one foster home. Bella stayed with Intervenors. Michelle received supervised visits with Bella twice per week.

Problems surfaced about how Michelle fed Bella during visits. While Bella was still on a formula-only diet, Michelle fed her daughter gel candy. Bella returned from visits suffering from vomiting and diarrhea. Once Bella moved to finger foods, Michelle gave the child soda, candy, Takis, and Cheetos.

Nearly two years after the children's removal, the case went to trial. The Department abandoned its termination request, but Intervenors sought to terminate Michelle's parental rights.[3] At trial, Michelle admitted she allowed Miguel around the children after his arrest. She admitted communicating with Miguel after he was jailed for allegedly assaulting her. She admitted lying during her psychological evaluation and therapy sessions. She admitted failing to acknowledge the abuse. She admitted being denied continuation of required services. She admitted lying about completing her services. Evidence also showed Michelle drove the children around town without a driver's license, without car seats for the young children, and without being a named insured driver on the car.

The jury found Michelle endangered Bella but declined to terminate her rights. Instead, the jury awarded managing conservatorship to Intervenors and possessory conservatorship to Michelle. The trial court set possession and access as recommended by Bella's attorney ad litem. This appeal followed.

## ANALYSIS

In her first issue, Michelle argues the evidence is legally and factually insufficient to support endangerment under sections 161.001(b)(1)(D) and (E) of the Family Code. We hold that Michelle did not preserve this complaint for review.

Following a jury trial, a challenge to the legal sufficiency of the evidence must be preserved in one of five ways: (1) a motion for instructed verdict, (2) a motion for judgment notwithstanding the verdict (JNOV), (3) an objection to the submission of the question to

---

[3] Father was unknown and his rights were terminated.

the jury, (4) a motion to disregard the jury's answer to a vital fact question, or (5) a motion for new trial. *In re J.W.*, No. 07-22-00360-CV, 2023 Tex. App. LEXIS 4221, at *1–2 (Tex. App.—Amarillo June 15, 2023, no pet.); *see* TEX. R. APP. P. 33.1(a). Preservation of a factual sufficiency challenge requires a motion for new trial. *Id.*; Tex. R. Civ. P. 324(b)(2).

Michelle filed none of the required motions or objections. Nor does Michelle argue that counsel unjustifiably failed to preserve error. *See In re J.P.B.*, 180 S.W.3d 570, 574 (Tex. 2005) (noting that "the court of appeals may review the factual sufficiency of the evidence in a parental termination case—even if a party failed to preserve error in the trial court—if the parent's counsel unjustifiably failed to preserve error," but finding no error because mother "never alleged in either the court of appeals or in this Court that her counsel unjustifiably failed to preserve error"); *In re C.C.O.*, 714 S.W.3d 198, 208 (Tex. App.—San Antonio 2024, no pet.) (same).

Because Michelle failed to preserve her complaints of legal and factual evidentiary sufficiency as to the jury's endangerment findings, we overrule her first issue.

Possession and Restricted Access to the Child

In her second issue, Michelle argues the trial court erred in awarding her restricted possession and access to Bella. The best interest of the child shall always be the primary consideration of the court in determining the issues of conservatorship and possession of and access to the child. TEX. FAM. CODE § 153.002(a).

Ordinarily, we review a trial court's conservatorship order for a clear abuse of discretion. *In re E.K.D.*, No. 07-24-00342-CV, 2025 Tex. App. LEXIS 5290, at *3 (Tex. App.—Amarillo July 23, 2025, no pet.); *In re J.W.W.*, No. 09-23-00292-CV, 2024 Tex.

App. LEXIS 1212, at *44 (Tex. App.—Beaumont Feb. 15, 2024, pet. denied). But when a jury reaches a verdict following trial, the jury's verdict is subject to ordinary legal and factual sufficiency review. *Lenz v. Lenz*, 79 S.W.3d 10, 17 (Tex. 2002); *Alexander v. Rogers*, 247 S.W.3d 757, 761 (Tex. App.—Dallas 2008, no pet.) ("[A] jury's findings underlying a conservatorship decision are subject to ordinary legal and factual sufficiency review.").

Because Michelle failed to preserve her challenge to the sufficiency of the evidence supporting the jury's endangerment finding, we cannot now say the trial court erred in relying on that finding to render judgment naming Intervenors as managing conservators and Michelle as possessory conservator. *See* TEX. R. APP. P. 33.1(a). We overrule Michelle's second issue.

## CONCLUSION

Having overruled Mother's two issues, we affirm the trial court's judgment.

Lawrence M. Doss
Justice

6